# Hearn *v.* Court of Co. Com. Blount Co.

### *Bill to Restrain Issuance of Bonds.*

#### (Decided June 19, 1913. 62 South. 533.)

1. *Counties; Bond Election; Notice; Time.*—Where thirty days had elapsed between the order for an election and the date on which it was held, publication in a newspaper need not be begun thirty days before the holding of the election, three weekly publications being sufficient under section 160, Code 1907; the thirty day requirement applying only to posted notices.

2. *Same; Validity.*—An election for the issuance of county bonds was not void because the requirement of the statute concerning publication was not fully complied with, unless the failure to comply deprived some portion of the electors of their right to vote, which would have changed the result or rendered it doubtful.

(Sayre, J., dissents.)

APPEAL from Blount Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by F. A. Hearn against the Court of County Commissioners of Blount county, to restrain the issuance of certain county bonds authorized by an election under circumstances fully disclosed in the opinion. From a decree denying relief complainant appeals. Affirmed.

O. A. STEELE, for appellant. Notice required by sections 160, Code 1907, and 5184, Code 1907, was not given, and a mere reading of the bill will disclose that the chancellor was in error in sustaining the demurrers to the bill, and declining to grant the injunction.

W. A. WEAVER, for appellee. The provisions of section 160, Code 1907, are directory merely and a failure to strictly comply therewith will not vitiate the election held thereunder.—*Wilson v. Pike County,* 39 South. 370; *Com. Ct. v. Thurman,* 22 South. 558; McCrary on Elections, 134. Return of the board of canvassers of the election and the minutes of the court are conclusive of

the matters therein stated, and of the validity of the election.—Sec. 167, Code 1907. The bill also fails to allege the institution of a contest as provided for in article 8, chapter 11 of the Code.

McCLELLAN, J.—This bill by a taxpayer seeks injunctive process to restrain the issuance of $150,000 of bonds of the county of Blount to provide funds wherewith to construct public roads in that county. The statutory authority therefor is afforded by Code, § 158 et seq.

Code, § 160, provides: "Notice of such election shall be given for thirty days by publication in a newspaper published in the county in which the election is to be held once a week for three successive weeks, which notice shall state    *    *.    *    the place for holding the same, the amount of the proposed bond issue, and the maximum rate of interest proposed to be paid, and the time for which the bonds shall run, and the purpose for which the bonds are to be issued, and such notice shall be signed by the probate judge or chairman of the board of revenue of the county in which the election is to be held, and if no newspaper is published in the county, the notice must be posted in five public places in the county at least thirty days before the time of holding the election."

The order of the commissioners' court, in the premises, was made and entered March 3, 1913. Therein April 3, 1913, was fixed as the day upon which the election should be held. The prescribed character of notice of the election was published in the Southern Democrat, a weekly paper published in that county, three times, during three successive weeks; it first appearing in the issue of March 6, 1913, and the last appearing in the issue of March 20, 1913. The contention expressed in

the bill is that the election held on April 3, 1913, was invalid for that the 30-day *notice* prescribed by Code, § 160, was not given. It is apparent that 30 days elapsed between the day on which the election was ordered and the day on which the election was held according to the order.

The particular point pressed by the complainant seems to be that the statute (section 160) requires 30 days' notice from the date of the first publication in the weekly paper. In other words, as applicable to the present matter, that the notice period must have begun not earlier than March 6, 1913, the day and date of the first publication.

The statute prescribes 30 days' notice of the election. The means or method for effecting that notice is also fully prescribed. Where there is a weekly paper published in the county in which the election is to be held, three weekly, consecutive insertions of the notice of the election answers the statutory requirement. And where no paper is published in such county, the notice prescribed is by "posting in five public places in the county at least thirty days before the time of holding the election."

Manifestly, the lawmakers regarded three consecutive publications of the notice as efficient for the purpose of general public advisement as the *posting* at five public places for at least 30 days before the time of holding the election. In the first instance they prescribed three distinct insertions in a newspaper; and in the other they prescribed with a view to duration of the posting as the sufficient means to effect the notice. In the latter instance the statute contemplates that the period prescribed in that phrase, viz., *30 days before the time of holding the election,* should begin to run from the date of *posting* at five public places in the county. Such obviously is not the intent with respect to the

[Hearn v. Court of Co. Com. Blount Co.]

three publications required under the first alternative. If that had been the legislative purpose, the expression would have concluded to as unmistakable an effort as was done when the prescription for *posting* was made. There is nothing in the statute upon which to rest an interpretation that the notice period should begin to run only *from* the date of the first publication. In no event could the publication for three consecutive weeks comprehend a period of 30 days; and this further confirms the view we have indicated. The meaning of the statute (section 160) in this respect is that 30 days elapse between the making of the order for the election and the date therein fixed for the election to be held, and that within that 30-day period notice of the election shall be given by three weekly, consecutive insertions thereof in a newspaper published in the county, provided, of course, one is published therein. A different method, is, as stated, prescribed when *posting* is the only means of giving the notice. Our conclusion is that the bill shows the required statutory notice to have been given in this instance.

Nevertheless, an irregularity in this respect, if it had occurred, would not suffice to justify the vacation of the election "in the absence of a showing that the want of full notice, by publication, deprived some portion of the electors of their right to vote, which would have changed or rendered doubtful the result."—*Com'rs Court of Covington County v. State, ex rel., etc.,* 151 Ala. 561, 571, 44 South. 465, 467.

The decree sustaining the demurrer to the bill is affirmed.

Affirmed.

ANDERSON, MAYFIELD, and SOMERVILLE, JJ., concur in the opinion. DOWDELL, C. J., and DE GRAFFENRIED, J., concur in conclusion. SAYRE, J., dissents.