(96 South. 415)
**SHELTON et al. v. BLOUNT COUNTY.**
(6 Div. 679.)

(Supreme Court of Alabama. April 12, 1923. Rehearing Denied May 10, 1923.)

**I. Appeal and error ⚖=1040(7)—Sustaining demurrer to plea held not prejudicial, where same defense available under another plea.**

Error cannot be predicated on the sustaining of a demurrer to a plea, where the complaining party had advantage of practically the same defense under another plea.

**2. Counties ⚖=49—In suit against treasurer defense of unrecorded settlement with county commissioners acting individually held without merit.**

In action by a county against its treasurer, there is no merit in a defense based on a settlement purporting to have been made between defendant and three members of the commissioners' court acting individually and not as a court, no memorial of which was at any time entered on the records of the court by which only it could speak.

**3. Counties ⚖=223—In action to recover money of county treasurer, admission in evidence of checks to him from tax collector held proper.**

In an action by a county to recover money from its treasurer received from the county tax collector, there was no error in admitting checks and receipts showing payments to defendant as treasurer by the tax collector.

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Trial ⬤═253(8)—Instruction in action by county to recover money from its treasurer held not to ignore evidence.**

In an action by a county to recover of its treasurer money allegedly received by him from the tax collector and wrongfully retained, an instruction, "If you conclude from the evidence that defendant * * * in his individual and private capacity borrowed from" the tax collector the money involved, "it would not make any difference whether the money was county money or not unless" defendant "knew it was county money," but that if he knew the money borrowed was county money in the custody of the tax collector, then he would be liable, *held* not erroneous as ignoring evidence adduced to show it was a private loan and to establish a settlement with the commissioners' court.

**5. Counties ⬤═224—Instruction in action by county to recover money of treasurer held properly refused as confusing and misleading.**

In an action by a county to recover from its treasurer money received from the tax collector and improperly appropriated, defended on the ground that the money so received was a private loan, an instruction, "Unless you are reasonably satisfied from the testimony in this case that defendant * * * received * * * the $1,000 check as taxes, which belonged to the plaintiff and state of Alabama, you must find the issues in favor of defendant," *held* properly refused as confusing and misleading; it being unnecessary that the county should show that the state had an interest in the money.

**6. Trial ⬤═260(1)—Denial of instruction covered by others given not error.**

Where the court's oral charge thoroughly stated the issues of the case, under Code 1907, § 5364, as amended by Laws 1915, p. 815, error cannot be predicated on denial of a charge covering in part the same ground.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by Blount County against Lon Shelton, and others as sureties on his official bond as County Treasurer. From a judgment for plaintiff, defendants appeal. Affirmed.

Charge 3, refused to defendant, is as follows:

"(3) The court charges the jury that unless you are reasonably satisfied from the testimony in this case that the defendant, Lon Shelton, received from W. J. Shelton the $1,000 check as taxes which belong to the plaintiff and state of Alabama, you must find the issues in favor of the defendant."

Ward, Nash & Fendley, of Oneonta, for appellants.

The three commissioners had authority to settle the case for the county; it was not necessary that there be a judicial determination by the commissioners' court. Montgomery County v. Barbour Co., 45 Ala. 237;

Tuskaloosa County v. Logan, 57 Ala. 296. Counsel argue other questions, but without citing additional authorities.

Russell & Johnson, of Oneonta, and O. D. Street, of Guntersville, for appellee.

The court of county commissioners is without authority to release a just claim in favor of the county. Code 1907, § 3313. Or, if it had such power, it must be exercised by commissioners while sitting as a board. 15 C. J. 460; Wightman v. Karsner, 20 Ala. 446; Code 1907, § 3311; Sexton v. Coahoma County, 86 Miss. 380, 38 South. 636; State v. Harris (Miss.) 18 South. 123; Merrick v. Batty, 10 Neb. 176, 4 N. W. 959.

SAYRE, J. Plaintiff, appellee, sued defendant Shelton and the sureties on his official bond as treasurer of Blount county for a breach of the bond, in that defendant Shelton had received $1,000 of the money of the county for which he had failed to account.

[1] Appellants, defendants, assign for error the ruling of the trial court sustaining a demurrer to their plea 2, wherein defendants set up a settlement since the last continuance. Appellants are not in a position to complain of this ruling for the reason that they had advantage, substantially, of the same defense under plea 1, demurrer to which was overruled.

[2] But the defense amounted to nothing in any event, for proof of it rested upon an agreement purporting to have been made between defendant Shelton and three members of the commissioners' court acting individually, not as a court; that is, the agreement of settlement was signed by three commissioners at a time when there is no pretense that they were acting in their organized capacity as a court (Wightman v. Karsner, 20 Ala. 446), and of their action, then or elsewhen, no memorial was entered upon the records of the court, by which means only the court could speak. Crenshaw County v. Sikes, 113 Ala. 626, 21 South. 135. It results that there was no error in the ruling excluding from the evidence the so-called agreement in writing by which there was an effort, of a sort, to settle the action between the parties.

[3] There was no error in admitting checks and receipts showing payments to defendant Shelton as county treasurer by the tax collector. Receipts of money thus shown went to defendant's credit at the bank, and thus the county competently sought to show its ownership of the fund out of which was paid the sum of $1,000, the amount in controversy.

[4] It was shown without dispute that defendant during his term of office as county treasurer had received the money in controversy on a check drawn in his favor by the tax collector. Defendant contended that so far as he was concerned this was a private

transaction between himself and W. J. Shelton, who was tax collector, and that the county had no interest in it. On the other hand, the county insisted that defendant well knew that the money he was getting was the money of the county and was paid to him as treasurer; that the check bore the notation "1915 taxes." Defendant excepted to the following excerpt from the court's oral charge to the jury, "On the other hand, gentlemen of the jury, if you conclude from the evidence that the defendant Lon Shelton in his individual and private capacity borrowed from W. J. Shelton this $1,000, it would not make any difference whether the money was county money or not unless Lon Shelton knew it was county money," the context going to show the court's meaning to be that, in that event, the plaintiff could not recover; "but," the court proceeded, "if Lon Shelton knew the funds he was borrowing from W. J. Shelton was money in the custody of W. J. Shelton belonging to the county, and with that knowledge he participated with the Farmers' Savings Bank [the drawee] or with the officers of that bank in diverting that money, or in converting that money, then he would be liable." This charge, in small compass, stated the substance of the law of the case. It is criticized in the brief for appellant as ignoring the evidence adduced by him in support of his contention stated above and his further contention that upon a settlement between himself as county treasurer and the tax collector he (defendant) had received all the money the county was entitled to receive and that he had accounted to the county for the same. But the charge is not subject to that criticism. It stated the issues and left the finding to the jury without any suggestion as to what the evidence was or what it tended to show. If, as appellant contends, the county lost nothing, that was a question for the jury on the evidence, and, on the record before us, we cannot conceive that the jury misunderstood so plain an issue, nor can we say with any sort of assurance that they made a mistake.

[5, 6] Charge 3 was refused to defendant without error. The charge was confusing and misleading. It was not necessary that the county should show that the state had an interest in the money. Probably also the charge was capable of another construction that justified its refusal, viz. that defendant received the check, representing the money in suit, as taxes. And, in any event, the issues were clearly stated to the jury in the court's oral charge, and error cannot be predicated of a charge covering in part the same ground. Section 5364, as amended by Acts 1915, p. 815.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.