(97 South. 142)
## SHANKS et al. v. WINKLER et al.
## (3 Div. 620.)

(Supreme Court of Alabama. June 28, 1923.)

1. Schools and school districts ⬦111—Bill to restrain enforcement of tax held to show equity.

A bill to annul an order of the commissioner's court levying a special school tax, and to enjoin the assessment and collection of such tax, which alleged that the levy was for six years, collectable annually, that the record was regular, necessitating extrinsic evidence to show invalidity, thus constituting a cloud on land titles, and necessitating a multiplicity of actions at law unless equitable relief be granted, *held* to show equity, as against the contention that complainants, under Code 1907, § 2345, should pay the tax and bring actions at law to recover; the averments of the bill further showing no necessity for apportionment, nor occasion for new assessment, nor interference with regular state or county revenue.

2. Taxation ⬦611(4)—Taxpayers may join in class suit to restrain enforcement.

Different property owners and taxpayers, having separate and distinct interests, but whose properties are subjected to the common burden of an invalid tax, may join in a bill on behalf of themselves and other property owners similarly situated to restrain its enforcement.

3. Schools and school districts ⬦111—Change of tax district boundaries no ground for equitable relief against tax subsequently voted.

Under Act Sept. 26, 1919 (Laws 1919, p. 567), art. 12, authorizing the county board of

education of its own initiative to fix the boundaries of any school district in which it is proposed to levy a local school tax, the act of the board after defeat of a proposed levy, in fixing new boundaries, omitting eight sections that were formerly included, and calling a new election, was no ground for equitable relief in a taxpayer's suit to restrain the assessment voted at the second election.

**4. Schools and school districts ⟐111—Averment of insufficiency of posted notice of tax election held sufficient.**

An averment on information in a bill to restrain the assessment of a school district special tax that no written notice of the election was given by posting for a period of 30 days prior to the date of the election in three public places as required by law *held* a sufficient averment of insufficiency of the notice by posting.

**5. Schools and school districts ⟐103(2)—Tax election void where less than statutory notice given.**

Under Act Sept. 26, 1919 (Laws 1919, p. 567), art. 12, relating to school district special tax levies, and prescribing at least 30 days' notice of the election by publishing and posting, the giving of such notice for less than 30 days renders the election of no effect; a strict compliance with the statute being essential.

**6. Schools and school districts ⟐103(2)—Defective petition held not to invalidate special district tax election.**

A petition filed by the board of education for special school district tax election which designated the tax to be levied as for "school purposes," instead of "public school purposes," and which was subject to the construction that it was the petition of the individual members of the board, and not the petition of the board in its official capacity, *held* not so defective as to invalidate the result of the election ordered.

Appeal from Circuit Court, Butler County; Arthur E. Gamble, Judge.

Bill by W. H. Shanks, Jr., and others against C. F. Winkler and others, as members of the Court of County Commissioners of Butler County, etc., to vacate and annul an order of said Commissioners' Court levying a special tax, and to enjoin the assessment and collection of such tax. From a decree sustaining demurrer to the bill, complainants appeal. Reversed and remanded.

Powell & Hamilton, of Greenville, for appellants.

The bill is properly brought by complainants in behalf of themselves and other taxpayers, and shows a special equity in that the levy of the tax is a cloud on title, and illegal. 1 High on Inj. §§ 524, 536, 573; Ala., etc., Ins. Co. v. Lott, 54 Ala. 499; Patterson v. Pitts, 180 Ala. 100, 60 South. 390; Mayor, etc., v. Baldwin, 57 Ala. 71, 29 Am. Rep. 712; Adams v. Sou. Ry., 176 Ala. 323, 58 South. 397; Lott v. Ross & Co., 38 Ala. 156; Tal-

lassee Mfg. Co. v. Spigener, 49 Ala. 264. The election was void, for that in setting forth the boundaries of the district sections forming a part thereof were omitted. Acts 1919, p. 608, §§ 1, 4. The levy was invalid because 30 days' notice of the election was not given as required by law. Acts 1919, p. 607, § 1; Wilson v. Pike County, 144 Ala. 397, 39 South. 370; Colbert Co. v. Thurmond, 116 Ala. 213, 22 South. 558; Hawthorne v. State, 116 Ala. 489, 22 South. 894.

Lane & Lane, of Greenville, for appellees.

A county board of education has no authority to create or establish a school tax district. It can only fix the boundaries and propose the tax by application to the court of county commissioners to call an election to determine whether such territory shall become a tax district. The creation or establishment of the tax district is dependent wholly upon the vote of the electors of the territory within the boundaries fixed by the county board of education. Acts 1919, p. 608, §§ 3, 4. An averment in a bill in equity that "complainants are informed and from such information allege" facts is bad and insufficient, does not put in issue such facts. Cullman Property Co. v. Hitt Lbr. Co., 201 Ala. 150, 77 South. 574; Burgess & Co. v. Martin, 111 Ala. 656, 20 South. 506. A special election will not be vacated when partial notice is shown, in the absence of a showing that want of full notice deprived some portion of the electors of their right to vote, which would have changed or rendered doubtful the results. Hearn v. Court County Com., 182 Ala. 392, 62 South. 535; Com'rs' Court v. State, 151 Ala. 564, 44 South. 465; McCrary on Elections, § 176; 15 Cyc. 321. It is the general rule that the collection of taxes will not be arrested by injunction, unless in addition to the illegality or irregularity in the imposition of the taxes or in the process of collection there is an independent equity growing out of the imposition of the tax. City of Ensley v. McWilliams, 145 Ala. 159, 41 South. 296, 117 Am. St. Rep. 26.

SAYRE, J. In May, 1922, the Butler county board of education proceeding under authority of the act approved September 26, 1919 (Acts, pp. 567–678), entitled, "An act to provide a complete educational system for the state of Alabama," etc., filed their petition and procured the holding of an election on the question whether a special 3-mill tax for public school purposes should be levied in the territory denominated as school tax district No. 3, the limits of which are described in an exhibit to the original bill in this cause. The proposed tax was defeated at the polls by a vote of 45 to 60. Afterwards, on July 12, 1922, the board filed another petition for an election to be held in school tax district No. 3 on August 18,

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1922, the territorial content of which is described as in the petition for the first election, save that eight sections which had been included in the first, and in which 26 qualified electors resided, were now omitted. The commissioners' court granted the petition, and ordered the election to be held August 18, 1922, when the proposed tax was approved by a popular vote of 49 to 32; but the electors residing in the omitted territory were not allowed to vote, and the averment is that, if they had been allowed to vote, the result would have been different. The taxing authorities of the county were proceeding to assess and collect the tax, when, on the facts already stated, and others to be noted in their appropriate connections, appellants, taxpayers and landowners in the district affected by the tax, filed this their bill to vacate and annul the order levying the special tax as constituting a cloud upon the titles to their lands, and to enjoin the levy, assessment, and collection of the same. No temporary injunction is prayed, nor does the bill evidence any purpose to interfere with any other taxes to be levied, assessed, and collected for the state or county, nor does it appear that such will be the result of the relief sought.

[1] There is no denial of the general rule that, unless some recognized ground of equitable interference is shown, other than mere illegality, hardship, or irregularity in respect of the levy or assessment of the tax, a bill to enjoin its collection will not be entertained. Adams v. Southern Railway, 176 Ala. 323, 58 South. 397, and cases there cited. The equity of the bill is placed upon two grounds: (1) That the record of the commissioners' court is regular in itself, disclosing no flaw in the proceedings for the authorization and collection of the tax in question, so that resort to evidence dehors the record is necessary to establish its invalidity, and hence that the record and the lien of the tax levied in pursuance thereof constitute a cloud upon the titles to all the lands in the school tax district; and (2) the tax has been levied for a period of 6 years, and will be collected annually, so that a multiplicity of actions at law will be necessary for its recovery from year to year in the absence of the equitable relief sought by the bill. The case averred involves no necessity for an apportionment of taxes, no occasion for a new assessment, no interference with the regular revenue of the state or county, and, in our judgment, the considerations stated above suffice to sustain the equity of the bill as against the contention that complainants should pay the tax and seek to recover it by actions at law. 1 High on Injunctions (4th Ed.) §§ 524, 525; Alabama Gold Life Ins. Co. v. Lott, 54 Ala. 499; Tallassee Mfg. Co. v. Spigener, 49 Ala. 264; Mayor, etc., v. Baldwin, 57 Ala. 71, 29 Am. Rep. 712. Appellees refer to section 2345 of the Code of 1907 as affording complainants, appellants, adequate relief at law; but our opinion is that this section does not reach to cases in which grounds of relief peculiar to equity are asserted.

[2] The bill is properly exhibited by complainants on behalf of themselves and other property owners similarly interested.

"And it may be asserted as a general rule governing the joinder of parties complainant in this class of actions, that different property owners and taxpayers, having separate and distinct interests as regards the ownership of property subjected to the burden of a common tax, but suing for themselves and all others similarly interested, may unite to obtain relief by injunction against the collection of such tax; since, although their titles are several and distinct, they nevertheless have such a common interest in the subject-matter of the litigation as to render them proper coplaintiffs in a proceeding to obtain relief from the burden common to them all." 1 High, § 574.

[3] Complainants' bill was filed on the theory, for one thing, that the proceeding had in May, 1922, fixed the boundaries of school tax district No. 3; that such boundaries remain intact, and hence that the order for an election made in the succeeding July was without authority of law, for the reason that it omitted eight sections of the territory described in the first order, and thereby operated to prevent an expression of choice on the part of 26 electors who, it is averred, would have voted against the tax. Section 4 of article 12 of the act of September 26, 1919, provides that "the county board of education of its own initiative shall fix the boundaries of any school district within its jurisdiction in which it is proposed to levy a local school tax," that a correct description of such boundaries must appear on the minutes of the board of education, and "that the levy of the district school tax shall operate to fix the boundaries of such district for the time of such special levy, except as hereinafter provided;" the exception (section 5) relating to the enlargement or consolidation of districts previously fixed. The import of these provisions of the statute is plain enough. The proceeding of the board of education in May must have been based upon an order fixing the boundaries of school tax district No. 3; but when the election went against the tax, it was open to the board by a new order to fix new boundaries and petition for a new election, and, for aught appearing in the original or amended bill, the board of education, after the defeat of the tax proposed by it in May, proceeded in due course to fix new boundaries for school tax district No. 3, and to petition for another election. It follows that the averments of the bill in respect of the boundaries of the school tax district and the

omission of eight sections from the petition and order of latest date contribute nothing to the equity of the bill.

Section 1 of article 12 of the act provides for elections "to determine whether or not a special tax shall be levied for public school purposes" in any county or in any school district in any county under the control of the board of education. The prescription as to notice, so far as pertinent to the issues here raised between the parties, is:

"The sheriff must give notice *at least* [italics. supplied] thirty (30) days before any election to be held under this act, by publication in some newspaper in the county, if any is published therein, and if not, by writing posted at the courthouse door, and at three other public places in the county, of the time of holding, and when any election is to be held for a special tax for school purposes in any rural or city district, written notices shall be posted in three public places within said district thirty (30) days prior to said election."

It appears that at the same time with the filing of the petition brought under consideration in this cause there was filed a petition for a like election in school tax district No. 12, and that the commissioners' court made the following order in respect of the two:

"It is further ordered by the court that the sheriff give at least 30 days' notice of said election to be held in school district No. 3 by publishing a notice thereof in the Greenville Advocate, and that the sheriff give at least 30 days' notice of said election to be held in district No. 12 by publishing a notice thereof in the Butler County News, both of said newspapers being published in Butler county, and that written notice of said elections be posted in three public places in each of said districts 30 days before said elections so ordered."

From this order it will be noted that the commissioners' court, making its order of publication, followed literally the language of the statute. But notice was not given accordingly. The averment is that, notwithstanding the election was ordered to be held and was held on August 18th, the first publication in the Greenville Advocate appeared on July 21st, and it is averred that—

"Complainants are informed and from such information alleged [allege] that no written notice of said election to be held in district No. 3, August 18, 1922, was given by posting for a period of 30 days prior to the date of the election in three public places within said school district No. 3, as required by the school law and by order of said court of county commissioners."

[4] The quoted averment as to the insufficiency of the notice by posting is attacked as being itself insufficient. But the averment is of fact, though upon information, and complies with the requirement of good pleading, not too strictly applied. Lucas v. Oliver, 34 Ala. 626; Nix v. Winter, 35 Ala. 309. We do not understand that anything to the contrary was said in Cullman Property Co. v. Hitt Lumber Co., 201 Ala. 150, 77 South. 574.

[5] On the authority of Hearn v. Commissioners' Court, 182 Ala. 392, 62 South. 535, and Commissioners' Court v. State, 151 Ala. 561, 44 South. 465, it is contended for appellees, in general, that the result of an election will not be disturbed when partial notice is shown unless it be made to appear that the want of full notice deprived some portion of the electors of their right to vote, and that their votes would have changed or rendered the result doubtful, and that this rule should save the election in question. Such, no doubt, is the rule in respect of elections the time of which is fixed by law of which the electors are bound to take notice.

"In the case of special elections, however, there must be a substantial compliance with the statutory mode of publishing the notice; and it has been held in such case that, where the statute requires that the notice of election shall be both published in a newspaper and posted in the form of handbills, both must be done or the election will be invalid, although the electors may have actual notice of the election." 20 C. J. 100.

We are not inclined to interfere with the result of this election on any narrow or technical ground; but the will of the Legislature must be made effective, and the language of the statute controlling the matter of notice is unusual, exclusive, emphatic, mandatory. If the notice for less than 30 days be made to suffice, to what end and with what effect did the Legislature prescribe that "the sheriff must give notice at least thirty (30) days before any election to be held under this act?"

The cases cited by appellees are not in point. Neither of them involved a statute in the language here employed. But of Hearn v. Commissioners' Court it may be observed, without going into a detailed statement of the case, which is clear on the point there involved, that it speaks of a statutory provision like unto that here in question as constituting an unmistakable expression of the legislative mind in agreement, as we now understand, with the conclusion stated above. As for the dicta, the moreover clauses, appearing at the conclusion of the opinion in Hearn v. Commissioners' Court and in the report of the opinion in Commissioners' Court v. State, supra, 151 Ala. 571, 44 South. 465, the court here thinks they should not be followed in cases of special elections the time and place of holding which are not fixed by law.

Wilson v. Pike County, 144 Ala. 397; 39 South. 370, is in line with what we have written in this case, and so is Commissioners v. Thurmond, 116 Ala. 209, 22 South. 558.

The necessary conclusion is that the election under review established no result,

since there was lack of compliance with the mandatory provision of the statute as to notice.

[6] Other objections are taken against the election, as that the petition filed by the board of education with the commissioners' court purported to be the petition of the individual members of the board, and not of the board in its organized capacity, and that the petition designated the tax to be levied as for "school purposes," not "public school purposes." These objections should have been avoided, but our opinion is that the office of the petition and the character of the fund to be raised. by the proposed tax are too clear to admit of very serious doubt and that the result of the election should not be disturbed on these accounts.

The trial court erred in sustaining appellees' demurrer to the bill.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and MILLER, JJ., concur.

GARDNER, J., concurs in the conclusion.

McCLELLAN, J., not sitting.