(97 South. 129)

GANTT et al. v. COURT OF COMMISSIONERS OF COVINGTON COUNTY.
(4 Div. 33.)

(Supreme Court of Alabama. June 30, 1923.)

1. Schools and school districts ⬦103(2)—To sustain validity of commissioners' court order calling tax election, record should affirmatively show that county is already levying and collecting such a tax.

To sustain the validity of an order by the county commissioners' court calling a special district school tax election, as authorized by Act Sept. 26, 1919 (Gen. Acts 1919, p. 607), art. 12, § 1, the court's record must affirmatively show the existence and ascertainment of the fact that the county is already levying and collecting such a tax.

2. Schools and school districts ⬦103(2)—Recital of commissioners' court order calling tax election held insufficient to show existence and ascertainment of fact that county was already levying and collecting such a tax.

A recital in an order by the county commissioners' court calling a special district school tax election, that "upon first ascertaining that said petition did in all respects comply with the laws * * * a motion was made and duly seconded that said petition be granted," held insufficient to show the existence and ascertainment of the fact that the county was already levying and collecting such a tax, as required by Act Sept. 26, 1919 (Gen. Acts 1919, p. 607), art. 12, § 1.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Petition of D. B. Gantt and others for writ of certiorari to the Court of County Commissioners of Covington County. From a judgment affirming the judgment of the commissioners' court, petitioners appeal. Reversed and remanded.

Thigpen, Murphy & Jones, of Andalusia, for appellants.

The remedy for determining the validity of the special election is by certiorari to quash the proceedings. Browning v. St. Clair County, 195 Ala. 121, 71 South. 108; Com. Court v. Johnson, 145 Ala. 553, 39

South. 910; McKinney v. Com. Court, 168 Ala. 191, 52 South. 756; Stanfill v. Com. Court, 80 Ala. 287. The commissioners' court is one of limited jurisdiction, and its records must affirmatively show the existence of facts upon which its authority depends. Joiner v. Winston, 68 Ala. 129; Com. Court v. Johnson, supra; Dismukes v. Jones, 151 Ala. 441, 44 South. 182; Howell v. Hughes, 168 Ala. 460, 53 South. 105; Com. Court v. Hearne, 59 Ala. 371.

J. Morgan Prestwood, of Andalusia, for appellee.

The order and judgment of the commissioners' court recites that the petition did in all respects comply with the law. Acts 1919, p. 607. If petitioners believe that the same does not speak the truth, they should have moved its correction. Town of Camden v. Bloch, 65 Ala. 236.

SOMERVILLE, J. The suit is by petition for the writ of common-law certiorari to review the record of a certain proceeding in the court of county commissioners of Covington county, under which an election was ordered to be held for Rawls' school district No. 5, to determine whether or not a special tax should be levied for public school purposes.

[1] Under section 1, art. 12, of the act of September 26, 1919 (Gen. Acts 1919, pp. 567, 607):

"Upon request of the county board of education to the court of county commissioners or other governing body, said court shall order an election to be held at the time requested by the said board of education to determine whether or not a special tax shall be levied for public school purposes within any school district in the county under the control of such board; * * * provided that no election in any rural or city school district shall be held [for the purpose specified] *unless the county* * * * *shall be levying and collecting* special county taxes for school purposes of not less than thirty (30) cents on each one hundred ($100) dollars worth of taxable property in such county." (Italics supplied.)

Very clearly, the primary and essential condition upon which alone such an election is authorized to be ordered and held is the fact that the county is already levying and collecting such a tax. This fact is therefore the basis of the court's jurisdiction in the premises; and since as to this subject the court is one of limited statutory power, it is necessary that the records of the court should affirmatively show the existence and ascertainment of the fact by the court, in order to sustain the validity of the order and of the election held pursuant thereto. Commissioners' Court v. Hearne, 59 Ala. 371, 375; Mayfield v. Court of County Commissioners, 148 Ala. 548, 553, 41 South. 932; Ferguson

v. Commissioners' Court, 187 Ala. 645, 657, 65 South. 1028.

[2] The petition filed by the county board of education does not allege this essential jurisdictional fact, and it does not appear from the order or other proceedings in the commissioners' court that the court ascertained its existence.

The recital in the order that "upon first ascertaining that said petition did in all respects comply with the laws contained in General Acts of the Legislature of Alabama of 1919, authorizing and petitioning for such special election, a motion was made and duly seconded that said petition be granted," is obviously insufficient for that purpose.

It follows that the order for the election was void for want of jurisdiction, and should have been quashed, as sought by the petition. Ferguson v. Commissioners' Court, supra.

The judgment of the circuit court will be reversed and the cause will be remanded for appropriate orders in conformity hereto.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.