WALL–HAY–WALL LUMBER CO. et al. v. MATHEWS et al. (1 Div. 324.)

(Supreme Court of Alabama. June 12, 1924.)

1. Equity ⏀149—Bill by taxpayers to enjoin collection of special tax held not multifarious.

A bill by taxpayers on behalf of themselves and other taxpayers to enjoin collection of a special district school tax *held* not multifarious.

2. Schools and school districts ⏀105—School taxes, if illegally collected, may be recovered back under statute.

Under Acts 1919, p. 63, § 8, Acts 1919, p. 588, art. 5, § 26, and Acts 1919, p. 612, art. 12, § 8, relative to taxes for school purposes, such taxes, if illegally collected, may be recovered at law under Code 1907, § 2345.

3. Schools and school districts ⏀103(2)—Failure to ascertain existence of jurisdictional fact held to validate order for special tax election.

Commissioners' court was without jurisdiction to order a special district school tax election, where petition for election did not allege that county was "levying and collecting special county taxes for school purposes of not less than 30 cents on each $100 worth of taxable property," under Gen. Acts 1919, p. 607, art. 12, § 1, and it did not appear from order or other proceedings in commissioner's court that it ascertained existence of such fact.

4. Schools and school districts ⏀103(2)—Curative statute held not to reach failure to ascertain fact on which power to order election for tax levy depended.

Failure of commissioners' court to ascertain existence of jurisdictional fact on which its power to order special district school tax election depended was not cured by Acts 1923, p. 396, so as to validate such order.

5. Taxation ⏀2—Right to tax must be confined within bounds of Constitution and exercised under reasonable prescriptions of applicable statutes.

Right to tax is right to take private property for state or its municipalities, and must be confined within constitutional bounds and exercised under reasonable prescriptions of applicable statutes.

6. Taxation ⏀36 — Curative statute cannot supply lack of power to levy tax.

If tax has not authorization of law in its levy, curative statute may not supply that jurisdictional deficiency.

7. Schools and school districts ⏀107—Complainants in suit to enjoin collection of special school tax held to have adequate remedy at law.

Where averments of a bill to enjoin collection of a special tax showed that commissioners' court was without authority and jurisdiction to order and call special district school tax election, and record showed such lack of jurisdiction, complainants had a complete and adequate remedy at law by common-law writ of certiorari or by suit under statute for recovery of moneys illegally collected.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Bill in equity by the Wall-Hay-Wall Lumber Company and others, taxpayers, against D. C. Mathews and others, members of the Board of Education, and others, as Probate Judge, members of the Board of Commissioners, Tax Collector, and Tax Assessor, respectively, of Clarke County, to restrain the levy and collection of a special school tax. From a decree sustaining demurrer to the bill, complainants appeal. Affirmed.

Thornton & Frazer, of Mobile, for appellants.

The record appearing regular on its face, it is necessary to resort to extraneous evidence, and the bill has equity as one to prevent a multiplicity of suits. 1 High on Inj. (4th Ed.) 524; Ala. Ins. Co. v. Lott, 54 Ala. 499; Tallassee Mfg. Co. v. Spigener, 49 Ala. 264; Mayor, etc., v. Baldwin, 57 Ala. 71, 29 Am. Rep. 712; Shanks v. Winkler, 210 Ala. 101, 97 South. 142. It is essential that the fact that the county is already levying and collecting the school tax be ascertained. Gantt v. Court of Co. Comm., 210 Ala. 125, 97 South. 129.

T. J. Bedsole, of Grove Hill, for appellees.

No brief reached the Reporter.

THOMAS, J. This is a suit by taxpayers to vacate an order of the commissioners' court levying a special tax and to enjoin the assessment and collection of the same.

Complainants' (appellants') insistences are stated in the bill to which demurrer was sustained, and said ruling is assigned as error.

The facts alleged in the original bill show that the board of education, through its executive officer, filed its petition, addressed to the board of county commissioners, praying for an election to be held to determine whether or not a special tax should be levied and collected annually at the rate of 30 cents on each $100 worth of taxable property in Rockville school district No. 4, in Clarke county, properly defining the area of said proposed school district. The petition contained the averment, after the description, that—

---

⏀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Such tax" [is] "to be levied and collected annually for the support of public schools within said district, within the said county, and to be continued for a period of five years from September 30th, 1922 (*which period does not extend beyond the period for which a county school tax totaling three mills have*" [has] "*been voted*), the same to be called and held as provided in article 12 of the Acts of the Legislature of Alabama, approved September 26, 1919, published in Pamphlet Acts of such Legislature for 1919 at pages 607 to 613." (Italics supplied.)

It is further averred that the petition was granted by said court or board and a special election was held pursuant thereto in said district "under the orders of said commissioners' court after the publishing and posting of insufficient and irregular notices of same," etc.

The bill avers that the commissioners' court was without jurisdiction to order or call said special district school tax election as authorized by the Act of September 26, 1919 (Gen. Acts, p. 607, art. 12, § 1), in that the original petition failed to allege the fact that Clarke county was levying and collecting special county taxes for school purposes of not less than 30 cents on each $100, and because the county board of commissioners granted and ordered said special election without said court or board first ascertaining and determining the fact, as required by law, whether said county was already levying and collecting special county taxes before making its order granting the petition for said special election.

It is further averred that the election was illegal and void in that the orders of the court calling said election were illegal and void because the court was without jurisdiction; that all of the facts are not matters of record, and some of them will have to be established by evidence outside of the record; that the order of the court or board of county commissioners levying said tax is prima facie valid, and that the tax assessor, since the making of said order and decree by the county commissioners, will levy said tax on all of the property of complainants in Rockville school district No. 4; that said levy is a cloud on the titles of complainants' real estate; and that such levy is illegal and void, although regular on its face.

Complainants averred that they and the several taxpayers in said district show that the levy of said tax is to continue for a period of five years, beginning with the tax year 1922–23; that by reason of such continuance such cloud upon their titles would continue and seriously affect the value of their property for said time; that they would suffer serious damage if said assessment and tax be not set aside and removed; and that they are without adequate remedy in a court of law for the injuries sustained, and that such injuries will continue or ensue by reason of said illegal and unauthorized levy and assessment on their property.

Aside from the general demurrer, appellees' grounds are that the facts alleged do not show that the special election was illegal and void; that there was a misjoinder of parties defendant; that complainants have a complete and adequate remedy at law; that the irregularities alleged are insufficient to show that the special election was illegal and void, but that the same was legal and valid.

[1] The bill is not multifarious. Shanks v. Winkler, 210 Ala. 101, 97 South. 142; 1 High on Injunction (4th Ed.) § 574 There is no ground of nonjoinder of the county treasurer.

[2] Under Acts 1919, p. 63, § 8; Acts 1919, p. 588, art. 5, § 26; and Acts 1919, p. 612, art. 12, § 8, relative to taxes for school purposes, such taxes, if illegally collected, may be recovered at law under section 2345 of the Code of 1907 Allred v. Dunn, 207 Ala. 469, 93 South. 390; Shanks v. Winkler, 210 Ala. 101, 97 South. 142. The failure of the court of county commissioners to ascertain that the county is levying and collecting a three-mill tax was not presented for review in the foregoing cases. That is to say, the bill attempted to show equity by averring that the records of the court of county commissioners were regular on their face as to notice, necessitating extrinsic evidence to show invalidity of such order, and therefore constituting "a cloud on land titles, and necessitating a multiplicity of actions at law unless equitable relief be granted."

[3, 4] If it be conceded, without deciding, that the averments of notice present irregularities which may be corrected by a curative statute, the vital question for decision is that presented by the bill to the effect that the petition contains no sufficient allegation of the fact that Clarke county was, at the time of the hearing of said petition, levying and collecting a three-mill tax for school purposes, as required by the statute; nor was the ascertainment of such fact made by the commissioners' court at the time the instant order was made. If said lack of jurisdictional fact and ascertainment thereof affirmatively appears in this record, the commissioners' court acquired no jurisdiction to order the election in question, and therefore the proceeding to such election and the levy of the special tax in question is void.

In Gantt v. Court of Commissioners, 210 Ala. 125, 97 South. 129, such jurisdictional fact was not shown by the petition or order, and as to this omission it was declared that the general recital contained in the order of the commissioners' court calling the special district school tax election that, "upon first ascertaining that said petition did in all respects comply with the laws contained in General Acts of the Legislature of Alabama of 1919, authorizing and petitioning for such special election, a motion was made and duly

seconded that said petition be granted," was an insufficient compliance with the statute as to such condition precedent. The statute provided:

"* * * That no election in any rural or city school district shall be held for the purpose of levying and collecting a special school tax for school purposes unless the county in which said rural or city district is located, shall be levying and collecting special county taxes for school purposes of not less than thirty (30) cents on each one hundred ($100) dollars worth of taxable property in such county." Gen. Acts 1919, p. 607, art. 12, § 1.

In the case last above noted, Mr. Justice Somerville said of this requirement:

"* * * The primary and essential condition upon which alone such an election is authorized to be ordered and held is the fact that the county is already levying and collecting such a tax. This fact is therefore the basis of the court's jurisdiction in the premises; and since as to this subject the court is one of limited statutory power, it is necessary that the records of the court should affirmatively show the existence and ascertainment of the fact by the court, in order to sustain the validity of the order and of the election held pursuant thereto. * * * The petition filed by the county board of education does not allege this essential jurisdictional fact, and it does not appear from the order or other proceedings in the commissioners' court that the court ascertained its existence."

In Ferguson v. Commissioners' Court, 187 Ala. 645, 657, 65 South. 1028, 1031, the opinion concludes with this statement:

"Under the averment of the petition, which we are to take as true, *as before shown*, the majority of the area of Jackson county is not under stock law or a law prohibiting cattle from running at large, and therefore, under said act of August 20, 1909, the provisions of the original act relating to the work of cattle tick eradication do not apply to said county." (Italics supplied.)

The citation of Ferguson's Case in the Gantt Case, infra, was only as to the appropriateness of the remedy.

It results that the instant case is dependent (1) on the construction of said statute in Gantt's Case, infra, and (2) on whether the curative statute of September 26, 1923 (Gen. Acts, p. 396) can be given application to the order for the election challenged by the bill. The first question was decided adversely to appellees in Gantt v. Court of Commissioners, 210 Ala. 125, 97 South. 129.

The curative statute only undertook to validate elections which (1) "were irregular by reason of failure to give notice," or (2) by reason "of any other irregularity prior to the actual holding of the election," as if "all such conditions preliminary and prior to the actual holding of such elections, required by the aforesaid act, had been duly and legally complied with," etc.

[5, 6] The failure by the court of county commissioners of ascertainment of the jurisdictional fact that the "county" was "levying and collecting special county taxes for school purposes of not less than thirty (30) cents on each one hundred ($100) dollars worth of taxable property in such county" (Gen. Acts 1919, p. 607, art. 12, § 1), was not a mere irregularity as to the election sought to be legalized and validated by the act of 1923 (Gen. Acts, p. 396). The curative statute is grounded on the assumption that the Legislature could only pass an act that did not go beyond the legalizing of such an election that was only attended by an irregularity that could be cured. If such act had been sought to be extended to a void act, or election ordered without jurisdiction in the premises, a question of due process would be presented under the Fourteenth Amendment to the federal Constitution, for a violation of vested legal rights now sought to be asserted. Board of Revenue v. Hewitt, 206 Ala. 405, 409, 90 South. 781; Scheuing v. State ex rel. Atty. Gen., 177 Ala. 162, 167, 59 South. 160. The cases of Lovejoy v. Beeson, 121 Ala. 605, 25 South. 599, and Ex parte Lambert, 52 Ala. 79, pertained to public office which "had in it no element of property." The right to tax is the right to take private property for the state or for its municipalities; it must be confined within the bounds of the Constitution and exercised under the reasonable prescriptions of the statutes having application. Folsom v. Carnley, 210 Ala. 131, 97 South. 95. Property may not otherwise be taken by taxation: hence the limitations of a curative statute applicable thereto. Such statute must not amount to the taking of property without due process. Miller-Brent Lbr. Co. v. State, 210 Ala. 30, 97 South. 97. If the tax had not the authorization of law in its levy, a curative statute may not supply that jurisdictional deficiency.

[7] However, the averments of the bill show, and we so hold, that the commissioners' court was without authority and jurisdiction to order and call the special district school tax election, and the record shows this lack of jurisdiction. There was therefore a complete and adequate remedy at law, by the common-law writ of certiorari, as was held in Gantt v. Court of Commissioners, supra, and Sweeney v. Tritsch, 151 Ala. 242, 44 South. 184, or by suit under the statute for recovery of the moneys illegally collected. Allred v. Dunn, supra

The lack of jurisdiction to call the election being apparent on inspection of the record, there is no necessity to resort to the evidence dehors the record, to show the failure of proper notice of the election, as averred in the bill. Thus the case is not brought with-

in the rule given application in Shanks v. Winkler, 210 Ala. 101, 97 South. 142.

The judgment of the circuit court, in equity, is affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.