(137 So. 171)

## McCORMICK et al. v. COUNTY BOARD OF REVENUE OF MARSHALL COUNTY et al.

### 8 Div. 317.

Supreme Court of Alabama.

Oct. 15, 1931.

Street, Bradford & Street, of Guntersville, for appellants.

454

Joe Starnes, of Guntersville, for appellees.

THOMAS, J.

The judgment entry was to the effect that the petition of plaintiffs for certiorari and their motion to quash the proceedings of the commissioners' court should not be granted, and that the defendants recover of plaintiffs the costs in the behalf expended.

The petition, among other things, averred a request by the superintendent of education, to the court of county commissioners of Marshall county, that a special school tax election be held in the Meltonsville school district No. 4, which was ordered by said court to be held after due notice, on the date indicated, and reported to the board, and the board of county commissioners canvassed the returns and declared the result of that election, and prayed that all proceedings thereunder, including the assessment of said special school tax, be declared null and void. The petition being heard and considered was "denied and dismissed," the motion to quash overruled, and petitioners taxed with the costs for which execution may issue.

This proceeding for three-mill tax election, etc., is governed by the provisions of School Code of 1924, §§ 223, 227, 230, General Acts 1919, p. 567 et seq. In such matter the court of county commissioners acts as a tribunal of special and limited power and jurisdiction. Gantt v. Court of Commissioners of Covington County, 210 Ala. 125, 97 So. 129; Ferguson v. Commissioners' Court of Jackson County, 187 Ala. 645, 65 So. 1028; Wall-Hay-Wall Lumber Co. v. Mathews, 211 Ala. 426, 100 So. 824. In Jackson v. Board of Revenue of Choctaw County, 215 Ala. 418, 419, 110 So. 799, 800, it is said:

"In Gantt v. Court of Commissioners of Covington County, 210 Ala. 125, 97 So. 129, it was expressly held that—

"'The primary and essential condition upon which alone such an election is authorized to be ordered and held is the fact that county is already levying and collecting such a tax. This fact is therefore the basis of the court's jurisdiction in the premises; and since as to this subject the court is one of limited statutory power, it is necessary that the records of the court should affirmatively show the existence and ascertainment of the fact by the court, in order to sustain the validity of the order and of the election held pursuant thereto.'

"Under the above-cited authority, therefore (subsequently approved in Wall-Hay-Wall Lbr. Co. v. Mathews, 211 Ala. 426, 100 So. 824), the proceedings, as thus far disclosed, were void."

Was the request in this case made by the county board of education, or by the required number of qualified electors of said court, or by the board of education of a city of the required number of inhabitants according to the last or any succeeding federal census? It was: "The Marshall County Board of Education of Marshall County, in said State hereby request your honorable body to order an election. * * * Board of Education, by C. W. Hyatt, Executive Officer." It is averred in the petition that: "The county board of education did not make of the court of county commissioners a written request for a special election in said Meltonsville School District No. 4, to determine whether a special tax should be assessed and collected in said District for school purposes in said District. The only written request made of the court of county commissioners to call said special election was made by C. W. Hyatt, who was, and is, the county superintendent of education for Marshall County. * * * Petitioners aver that at no meeting of the county board of education of said county was it decided or resolved that said board should make written request of said court of county commissioners to call such special election, nor was any authority given by said board to the said C. W. Hyatt to make such request in the name of the said board of education." It is further averred that: "The only action taken of said county board of education relative to said election for said district was to spread on the minutes of its meeting of August 5, 1927, the following recital, namely, 'The following school districts of the county petitioned the court of county commissioners to call a three mill district tax election. The names and boundaries of the districts are given below.' Then followed (among other districts) what purports to be a description of the boundaries of Meltonsville District No. 4."

It is uncontroverted that the statute declares the superintendent of education, as the "Chief Executive Officer" of the county board, invested with ministerial powers; he may act for the board in matters not requiring the exercise of discretion on the part of the board. We are of opinion that the record discloses a petition by the board as a governmental agency, in an organized capacity (Shelton v. Blount County, 209 Ala. 441, 96 So. 415), and as required by law; and that it duly invoked jurisdiction in the premises assumed in calling the special election.

The provisions of section 230 of the School Code require the submission of a map of the school district for which the special tax is proposed and which is to be considered by the electorate. Exhibit A was such a map, showing the boundaries of the proposed special school tax district. It is to be taken with the petition of which it was made a part,

and is sufficient. The petition and map are taken as one pleading, and one may aid the other in case of ambiguity as to the description employed and within the rules.

█ The order of the board was specific as (1) that the election was to determine "whether or not a special tax shall be levied at the rate of thirty cents on each one hundred dollars worth of taxable property in school districts Nos. 9, 2, 17, 15, 20, 12, 28, 24, 30, 4, 18, 29, 61, 59, 1, 55, 49, 46, 65, 50, 38, 74, 72, 62, 75, 42, 66, and 47 in said county such tax to be levied and collected annually, for public school purposes within said districts of said county for a period of ten years as to districts Nos. 28, 30, 50, 74, 46, 29, 61, 55, 75, 49, 15, 62, 2, 18, 24, 66, 20, and 17, and for a period of fifteen years as to district number 47, and for a period of seventeen years as to districts Nos. 38 and 4, and for a period of five years as to districts Nos. 42, 59, 1, 65, and 12, and for a period of six years as to district No. 9, the same to be called and held as provided in article 12 of an Act of the Legislature approved on to-wit, September 26, 1919, published in Pamphlet Acts of such Legislature for 1919, at pages 607–613 inclusive, as amended September 29, 1923." This is sufficient under the law as to the district in question.

It is true the order of the board was:

"That said elections be and the same are hereby called and ordered for the 22nd day of Sept. 1927, to determine whether or not a special tax of 30¢ on each $100 worth of taxable property in said Districts of said County, shall be levied and collected annually for public school purposes within said districts.

"Three managers and one returning officer for each district shall be appointed to hold said elections and they shall be qualified electors of their respective districts.

"Said elections shall be held and the results thereof shall be declared as provided by section 3 of article 12 of an Act approved Sept. 26, 1919, and recorded on pages 607–613 of the General Acts of 1919, as amended Sept. 29, 1923."

And that the notice given was:

"Notices of said elections shall be given by publication thereof as to Districts Nos. 9, 2, 17, 15, 20, 12, 28, 24, 30, 4, 18, and 29, in Guntersville Advertiser, a newspaper published in said county, and by publication thereof as to Districts Nos. 61, 1, 59, 55, 49, 46, 65, 50, 38, 74, 72, 62, 75, 42, 66, and 47 in the Sand Mountain Banner, a newspaper published in said county, for four successive weeks prior to the date of said elections, and the first publication of said notices shall be at least 30 days before the date of said elec-

tion. Written notices of said elections must also be posted in three public places within each of said districts thirty days prior of said elections. Said notices published and posted shall show the rate of the proposed tax, the time it is proposed to be continued, and the purpose for which the levy is proposed to be made and a description of the boundaries of the proposed districts." * * *

"The ballot used in said elections shall be printed as provided in section 6, article 12 of said Act under which these elections are called.

"All persons who are, at the time of such elections, qualified electors in said districts under the Constitution and Laws of Alabama, then in existence, shall be qualified electors to participate therein."

█ The petition averred, as to notice and as to polling places: "That the probate judge did not designate or locate any special voting place or places for said special election; that there were regular voting places in said school districts; that said election was not held and had at said regular voting places, but at a place not a regular voting place and not designated and located by the probate judge, and the notices given by the sheriff of said election did not state where the same would be held and had. A copy of said notice is hereto attached, marked Exhibit E, and prayed to be taken as a part of this petition." For aught that appears on the record the election was held at the regular polling place as duly fixed by authority of law. In this review we only consider the record exhibited. Independent Publishing Co. v. American Press Ass'n, 102 Ala. 475, 15 So. 947.

The writ was properly denied, and judgment of the lower court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.