160 So. 687

## HARMON et al. v. COUNTY BOARD OF EDUCATION et al.

### 5 Div. 200.

Supreme Court of Alabama.

April 11, 1935.

Huddleston & Jones, of Wetumpka, and L. H. Ellis, of Columbiana, for appellants.

C. T. Reneau and Holley & Milner, all of Wetumpka, for appellees.

GARDNER, Justice.

Complainants seek to invalidate the special school district tax of 30 cents on each $100 worth of taxable property in special school tax district A of Elmore county.

■ The primary and essential condition upon which an election for such a tax is authorized to be ordered and held is the fact that the county is already levying and collecting such a tax. Ala. School Code, 1927, § 262, Acts 1919, p. 607. Third Amendment to Ala. Const., vol. 1, Code 1923, p. 429; Gantt v. Court of County Commissioners, 210 Ala. 125, 97 So. 129; Wall-Hay-Wall Lumber Co. v. Mathews, 211 Ala. 426, 100 So. 824.

On November 10, 1931, an election was held in Elmore county, and as a result a special 3-mill county tax for public school purposes was voted, and the result thereof duly declared.

■ Upon the face of the proceedings there appears no irregularity, and since said election the tax authorized thereby has been continuously levied and assessed. But complainants attack this county-wide school tax for matter dehors the record, insisting that the published notice of the election was so defective as to render the same void, and that, therefore, there is no such county tax. The argument is that the election notice fails to properly state "the rate of such proposed tax," as provided by section 263 of the Alabama School Code 1927, and much reliance is had upon Shanks v. Winkler, 210 Ala. 101, 97 So. 142, 144.

In the Winkler Case, supra, the notice was not published a sufficient length of time, a matter considered of vital importance in view of the fact that the election was a special

one, with no time fixed for holding the same except that provided in the published notice; and the conclusion here was that the emphatic and mandatory provision of the statute in this regard must be given effect, the opinion in placing emphasis upon the language of the statute requiring at least the thirty days notice, saying: "If the notice for less than 30 days be made to suffice, to what end and with what effect did the Legislature prescribe that 'the sheriff must give notice at least thirty (30) days before any election to be held under this Act?'" The opinion expressly disavows any inclination "to interfere with the result of this election on any narrow or technical ground," but observes further that "the language of the statute controlling the matter of notice is unusual, exclusive, emphatic, mandatory," and the cases of Commissioners' Court v. State, 151 Ala. 561, 44 So. 465, and Hearn v. Court of County Commissioners, 182 Ala. 392, 62 So. 535, are therein differentiated. The Winkler Case, supra, was dealing with the one essential of the length of time of the notice, and is properly to be viewed in that light. There is nothing in that opinion which would indicate any matter of irregularity in the wording of the notice as to the rate or duration of the tax, which would suffice to invalidate the election unless, indeed, it would appear the result was rendered doubtful by reason thereof. And, indeed, the concluding paragraph of the opinion in the Winkler Case is supportive of this view.

The irregularity as to the notice here in question is of this latter class. The published notice is as follows:

"Notice.

"Notice is hereby given that an election will be held November 10th, 1931, to determine whether or not there shall be levied a three mill tax on each hundred dollars worth of taxable property within Elmore County, for public school purposes, said levy to begin with the tax year 1932 and to continue for twenty years.

"10-10-31. J. H. Golden,
"Sheriff of Elmore County."

Complainants argue as if the notice read a tax of three mills on each hundred dollars. But the language is, "a three mill tax on each hundred dollars." We are in accord with the chancellor, as disclosed in his opinion accompanying the decree, that the expression, "three mill tax," has in this state a well-defined meaning, connoting a tax of 30 cents on each $100 worth of taxable property, and in our decisions it is referred to as a "three mill tax." City of Birmingham v. Hawkins, 208 Ala. 79, 94 So. 62; McCormick v. County Board, 223 Ala. 453, 137 So. 171.

Having so well defined a meaning, the expression used in the notice is readily understandable, and in no manner calculated to mislead the voters. True, as argued by complainants, the rate of 30 cents on the $100 of taxable property is the maximum rate and a lesser rate could be voted. But we think the above-noted expression suffices to put the electors on notice that the usual and maximum rate is what is proposed; such being the well-defined meaning of the words.

 In any event, however, if it be conceded the wording of the notice in this respect is irregular or ambiguous, this would not suffice to invalidate the election in the absence of anything indicating that the result was affected thereby. The required length of time as to the notice of the election in the Winkler Case, supra, was considered of vital importance in view of the language of the statute in that regard; and Gantt v. Court of County Commissioners, and McCormick v. County Board, supra, dealt with the primary and essential condition of a district tax, all of which was fundamental.

But the matter here complained of is an incidental detail, irregularity as to which will not suffice to invalidate an election unless it appears the result was thereby influenced. We are persuaded the conclusion of the court below was in this regard well founded.

 Moreover, the lawmaking body, prior to the rendition of this decree, took notice of such irregularities, and expressly validated the elections had on defective notice in this regard. Gen. Acts 1935, approved January 24, 1935. This act was in substance and effect the same as that considered in Johnson v. Rice, 227 Ala. 119, 148 So. 802, and under that authority the proceedings may properly be considered as presenting a moot case, justifying the dismissal upon that ground. The curative features of this act are here effectual.

The discussion of a like statute and its effect as found in Wall-Hay-Wall Lumber Co. v. Mathews, 211 Ala. 426, 100 So. 824, concerned a fatal defect in the election, a jurisdictional prerequisite, which rendered the election void, and is without application to the instant case, as hereinbefore indicated.

It results that all other matters aside, we see no sufficient reason for a disturbance of the election held or any pronouncement of

invalidity of the tax levied. The decree is correct, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.