(No. 12102.—Reversed and remanded.)

John P. O'Connor *et al.* Plaintiffs in Error, *vs.* The Evanston High School District *et al.* Defendants in Error.    *Opinion filed October 21, 1918.*

Appeals and errors—*when cause must be remanded to Appellate Court.* If the Appellate Court fails to consider the merits of a chancery case because of its erroneous finding that the circuit court was without jurisdiction, the Supreme Court, on awarding the writ of *certiorari* under the Practice act, cannot review the decree of the circuit court but must remand the cause to the Appellate Court, with directions to consider the case on its merits.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Jesse A. Baldwin, Judge, presiding.

Howard T. Wilcoxon, and William Sherman Carson, for plaintiffs in error.

Wilson, Moore & McIlvaine, (N. G. Moore, of counsel,) for defendants in error.

Mr. Justice Cartwright delivered the opinion of the court:

The plaintiffs in error filed two bills in the circuit court of Cook county attacking by each bill two elections held in Evanston High School District,—one held on November 6, 1915, and the other on December 11, 1915,—involving in the elections the choice of a site for a school and the issue of bonds to purchase the site and build the school building.

The prayer of the bills was identical so far as declaring the elections null and void and restraining the board of education from preparing or negotiating bonds or using the proceeds of any tax for the purchase of the site was concerned, but the first bill contained the statutory requirements for a contest of the election of December 11, 1915, and a re-count of the votes cast at that election. The relief prayed for in each bill was denied and appeals were taken by plaintiffs in error to this court and submitted together. It was decided that a court of chancery has no jurisdiction of the statutory contest of an election for selecting a school house site and cannot order a re-count of the votes cast at such election, so that neither the circuit court nor this court had jurisdiction so far as such relief was sought. In regard to the other relief sought by the bills, the right to a direct appeal to this court was claimed on the ground that public revenue was involved, but as the revenue was not directly involved there was no right to an appeal to this court upon that ground. (*O'Connor* v. *High School Board of Education,* 278 Ill. 618.) Accordingly the appeals were transferred to the Appellate Court for the First District. The Appellate Court understood that this court had decided that the legality of the elections could not be questioned in a court of chancery, and that being so, no relief could be had in equity against any action of the high school board in pursuance of the elections, and a judgment was entered in each case reversing the decree and remanding the cause, with directions to dismiss the bill for want of jurisdiction. That was a misapprehension of the decision of this court and the order transferring the appeals to the Appellate Court for the consideration of questions other than a statutory contest of the election. The fact that a right or liability arises out of an election and that the legality of an election is involved is no objection to the jurisdiction. (*Kiehna* v. *Mansker,* 178 Ill. 15; *Howard* v. *Burke,* 248 id. 224; *Hysler* v. *Springfield School District,* 272 id. 458.) An application for a writ of *certio-*

*rari* to review the judgment of the Appellate Court in the case of the second bill was granted. The parties did not have the judgment of the Appellate Court on the merits, but they earnestly request that the questions involved may now and here be decided.

In the Appellate Court the plaintiffs in error assigned for error the refusal of the circuit court to grant the relief prayed for, the dismissal of the amended bill and the findings of the court that the election was lawfully called, held and conducted, and that the defendants in error were thereby lawfully authorized to purchase or acquire the site for a high school building and to issue and sell bonds of the district and appropriate the proceeds thereof to the purchase of the proposed site. None of these alleged errors were considered by the Appellate Court but the decree was reversed upon the ground that the circuit court had no jurisdiction to hear or determine the issues or to grant any relief. The Appellate Court erred in deciding that the circuit court had no jurisdiction, and for that error this judgment must be reversed. The parties request this court to review the record and decision of the circuit court, but that would be to assume a jurisdiction which it was decided this court could not exercise when the cause was transferred to the Appellate Court. This court may grant a writ of *certiorari* to review the judgment of the Appellate Court, but not for the purpose of reviewing a decree of the circuit court.

The judgment of the Appellate Court is reversed and the cause is remanded to the Appellate Court for the First District, with directions to consider the errors assigned on the record of the circuit court.

*Reversed and remanded, with directions.*