(108 So. 590)

**STATE ex rel. JACKSON v. TOWN OF BOYLES et al. (6 Div. 556.)**

(Supreme Court of Alabama. May 13, 1926.)

**Municipal corporations ⬤═12(6)—Proceedings to incorporate town will be quashed, where publication of notice of election was for only two weeks (Code 1907, §§ 1053–1069, and 5182).**

Proceedings to incorporate town under Code 1907, §§ 1053–1069, will be quashed, where publication of notice of election was for only two weeks, in view of sections 1054 and 5182; requirements as to notice being mandatory.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Information in the nature of quo warranto by the State of Alabama, on the relation of Thomas S. Jackson, and Thomas S. Jackson, individually, against the Town of Boyles, an alleged municipal corporation, and the Mayor and Aldermen thereof, seeking to quash the proceedings by which said town claims to be a municipal corporation. From a judgment for respondents, relator appeals. Reversed and remanded.

Bradley, Baldwin, All & White, McClellan, Rice & Stone, J. K. Brockman, and A. Key Foster, all of Birmingham, for appellant.

The statute requires notice of the election on the question of corporation or no corporation to be published once a week for three successive weeks. The probate judge so ordered. Since the notice was published for only two weeks, this being a special election, the date of which is not fixed by law, the whole proceedings are void. Shumway v. Bennett, 29 Mich. 451, 18 Am. Rep. 107; Cooley, Const. Lim. 275; Sayre v. Elyton Land Co., 73 Ala. 85; Shanks v. Winkler, 210 Ala. 101, 97 So. 142; Browning v. Hooper, 46 S. Ct. 141, 70 L. Ed. 153; Code 1907, §§ 5182, 5184; 120 Am. St. Rep. 794, note.

Crampton Harris, Black & Fort, W. C. Woodall, and John Potts Barnes, all of Birmingham, for appellees.

Chapter 32 of the Code of 1907 is a complete enactment on the subject dealt with, is separate and distinct from other laws and is to be construed as an entity. Section 1054 does not specify that 30 days' notice shall be given; thereunder the probate judge determines for himself the extent of the notice to be given. The fact that he ordered publication for three consecutive weeks and accepted two

---

notices did not defeat the proceedings. Wheat v. Smith, 50 Ark. 266, 7 S. W. 161,

PER CURIAM. There was an attempt to incorporate the town of Boyles under article 2 of chapter 32 of the Code of 1907. Section 1054 provides that—

"Upon compliance with the provisions of the next preceding section, the judge of probate must direct an election to be held, within thirty days after the filing of the petition, at a place within the limits of the proposed town or city, to be designated by him, and he shall give notice by publication in one or more newspapers, if there are any, published in the county, and by posting in three public places within the limits of the proposed town or city, that such election will be held at a certain time and place, and that a plat showing the limits of the proposed city or town is on file in the office of the judge of probate of such county."

True, this section does not fix the number of publications, but the Legislature, in adopting the Municipal Code, must have had in mind the then existing general statute prescribing the length of publication when not otherwise provided, and section 5182 of the Code of 1907 fixes it at three weeks. This also seems to have been the interpretation of the probate judge who ordered that the publication in the newspaper should be for three weeks, and, the publication having been made for only two weeks, the notice met neither the requirement of the statute nor the order of the probate judge.

This being a special and not a general election where the law fixes the time, the requirements as to notice were mandatory and not directory, and a failure to comply therewith was fatal to the validity of the attempted incorporation. Shanks v. Winkler, 210 Ala. 101, 97 So. 142. The trial court erred in giving the general charge for the respondents and in refusing the general charge requested by the relator.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE, THOMAS and BOULDIN, JJ., concur.