## WAKEFIELD et al. v. TOWN OF CARBON HILL et al. (6 Div. 593.)

(Supreme Court of Alabama. May 27, 1926. Rehearing Denied June 17, 1926.)

Municipal corporations ⬅️996—Equity had jurisdiction of bill to enjoin sale of waterworks and electric lighting plant of town pursuant to election, where fraud and illegality were charged (Code 1923, §§ 545–567, 1884, and section 2059 et seq.).

Equity court *held* to have jurisdiction of bill to enjoin sale of waterworks and electric lighting plant of town pursuant to an election, under Code 1923, § 2059 et seq., where fraud and illegality were charged; it being immaterial that legality of election is involved; sections 545–567 and 1884 being inapplicable as not providing for contesting elections involving property rights.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Bill in equity by J. T. Wakefield and others against the Town of Carbon Hill and others. From a decree sustaining demurrer to the bill, complainants appeal. Reversed and remanded.

Sowell & Gunn, of Jasper, for appellants.

Courts of equity have power, at the suit of a taxpayer, to enjoin the abuse of corporate power and illegal disposition of corporate property. Montgomery v. Sayre, 65 Ala. 564; Inge v. Board of Pub. Works, 135 Ala. 187, 33 So. 678, 93 Am. St. Rep. 20; Coleman v. Eutaw, 157 Ala. 327, 47 So. 703. The allegations of fraud give the bill equity. Gewin v. Shields, 167 Ala. 593, 52 So. 887; Morgan v. Gaiter, 202 Ala. 492, 80 So. 876; Providence O. & G. Co. v. Allen, 186 Ala. 282, 65 So. 329; Rogers v. Brightman, 189 Ala. 228, 66 So. 71.

───────────

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A. F. Fite, of Jasper, for appellees.

The bill, seeking to declare an election void, is without equity. Code 1923, § 548. The authorities cited by appellants are inapt.

SAYRE, J. The town of Carbon Hill is under the commission form of government. On October 5, 1925, an election was held as provided by article 26 of the chapter of the Code on the subject of municipal corporations, sections 2059 et seq. On October 9th, following, appellants, residents and taxpayers of the town, filed their bill against the town and its commission seeking to enjoin the result of the election, that is, a sale of property of the town, viz., its waterworks and its electric lighting plant, according to a resolution previously adopted by the commission, for the approval or disapproval of which the election had been ordered. There was another aspect of the bill, but the court sustained a demurrer to the aspect stated above, and complainants have appealed. The record and the briefs indicate that the demurrer was sustained on the ground that the court had no jurisdiction to ascertain the legality, conduct, or results of the election. That ground we shall consider.

Section 549 of the Code of 1923 is supposed to furnish the foundation of the decree under review. Our judgment is that this section relates to contests of elections to public office only. Section 1880 of the Code provides that—

"Elections in cities and towns of this state shall be conducted according to the general election laws."

This language provides machinery for the holding of the election in question. The provision for the contest of municipal elections is:

"The election of any person to a city or town office may be contested upon the same grounds and in the same manner provided for contesting elections for judge of probate, so far as applicable." Section 1884.

The General Election Law, sections 545-549, provides for "the contest of the election of any person declared elected" to the various offices enumerated. Sections 550-567 establish the right to contest the election of persons declared to be elected to other enumerated offices. Section 549 of the Code was no doubt enacted (Acts 1875, p. 101) to put into effect Judge Brickell's dissenting opinion in Reid v. Moulton, 51 Ala. 272, as counsel suggest. In that case he considered the matter of the contest of an election to fill the office of mayor of the city of Mobile. Neither his opinion nor the statute gives evidence that the effort was to legislate against the interposition of equity in the case of elections involving property rights. A survey of the situation discloses the fact that no statutory means of contesting such elections has been provided. In other words, that matter has been left as it was at common law; but, as said by the Supreme Court of the United States:

"Of the right of resident taxpayers to invoke the interposition of a court of equity to prevent an illegal disposition of the moneys of the county or the illegal creation of a debt which they in common with other property holders of the county may otherwise be compelled to pay, there is at this day no serious question." Crampton v. Zabriskie, 101 U. S. 609, 25 L. Ed. 1070.

The same rule must apply to prevent the illegal disposition of the public property of an incorporated town. Such property is held in trust for the public. Douglass v. Montgomery, 118 Ala. 599, 24 So. 745, 43 L. R. A. 376. And this court has in several cases approved the interposition of equity to protect the rights of the public, and of the individuals composing the public, in such cases notwithstanding such rights were affected by elections held for the purpose of disposing of them. Coleman v. Eutaw, 157 Ala. 327, 47 So. 703; Shanks v. Winkler, 210 Ala. 101, 97 So. 142; Dennis v. Prather, 212 Ala. 449, 103 So. 59. We would not, however, be understood as approving the proposition that mere irregularity in the conduct of such an election will suffice to set aside the result. But where fraud or illegality, affecting the result, is charged, we apprehend that property rights will be protected, and the fact that a right or liability arises out of an election, or that the legality of an election is involved, is no objection to the jurisdiction of the equity court. O'Connor v. Evanston High School, 285 Ill. 120, 120 N. E. 518.

The bill charges fraud affecting the result of the election by which, as declared, the electors of the town of Carbon Hill gave their approval to the proposed disposition of the waterworks and electric lighting plant heretofore owned and operated by the town. As for any objection taken against it, the bill contained equity.

This disposes of the appeal.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.