139 So. 270

## MOBILE COUNTY v. BARNES–CREARY SUPPLY CO.

### I Div. 657.

Supreme Court of Alabama.
Jan. 21, 1932.

Jaṣ. H. Webb, of Mobile, for appellant.

Inge, Stallworth & Inge, of Mobile, for appellees.

**THOMAS, J.**

■ This case was submitted on motion and on merits. The motion is upon the assumption that the decree was not final, but interlocutory, and appeal was not taken within thirty days from the rendition of that decree. The subject of a final decree that would support an appeal was reviewed in De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; Browning v. Wesco Co., 218 Ala. 544, 546, 119 So. 660. The decree was final in respect to the award of damages and in the large sum, in the imposition of costs, and the award of the' right of issue of execution for the collection thereof. The motion to dismiss is overruled.

■ The trial court should not have rendered a final decree, as we have indicated, awarding complainant damages and costs on the application for preliminary injunction on affidavits and testimony taken at the hearing, without giving the county of Mobile a due opportunity to be finally heard as to its liability for damages growing out of the right of way of a public highway, and as affecting complainant's adjacent properties and the right of ingress and egress therefrom. The court should have duly passed upon the demurrers, and thereby given Mobile county an opportunity to litigate to a final determination the question of its liability vel non by the statute or under the law, before the evidence was taken on the question of damages, the amount thereof, and the county's liability therefor and to complainant (Browning v. Wesco Co., supra; see Finnell v. Pitts, 222 Ala. 290, 132 So. 2) adjudged.

This is an important question of law and fact that should not have been so concluded by the decree rendered. The question of a county's liability, unless imposed by statute, was the subject of consideration in Askew v. Hale County, 54 Ala. 639, 25 Am. Rep. 730; Hamilton v. Jefferson County, 209 Ala. 517, 96 So. 628; Phillips v. Tuscaloosa County, 212 Ala. 357, 359, 102 So. 720; Finnell v. Pitts, 222 Ala. 290, 132 So. 2.

The statutes that are applicable are Local Acts 1927, page 153, § 8, and State Highway Act, 1927, pp. 348, 360, §§ 36, 38. Finnell v. Pitts, supra.

The trial court erred in rendering final decree, and, as modified, awarding damages and costs against the county of Mobile, as insisted by appellant. That such was the extent and finality attached by the trial judge in his modification of date of December 18, 1930, is recited in the "Decree Modifying Decrees" as follows: "The same are also hereby modified so as to release all parties except the County of Mobile from the judgment heretofore made in so far as it assesses damages"—meaning, of necessity, against that county. This was finality and error.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.