40 So.2d 84

### McADAMS v. NE SMITH et al.

### 6 Div. 879.

Supreme Court of Alabama.
April 21, 1949.

---

Bland & Bland, of Cullman, for appellant.

Finis E. St. John, of Cullman, for appellees.

LAWSON, Justice.

This is a declaratory judgment proceeding filed by W. H. McAdams against the City of Cullman and the Mayor and Councilmen thereof.

The purpose of the proceeding was to determine the validity of an election held on February 1, 1949, in the City of Cullman, wherein a proposal to levy a five-mill tax for school purposes for said city was approved by a popular vote of 608 to 184.

The validity of the election was challenged on the ground that proper notice of the election was not given.

The appeal is from a judgment or decree declaring that the notice of the election which was given was sufficient and that the election was valid.

Under the provisions of Amendment LVI to the Constitution of 1901, which amendment was proclaimed ratified on November 14, 1946, pp. 54, 55, 1947 Cum. Pocket Part, Vol. 1, Code 1940, the governing body of the City of Cullman on December 20, 1948, duly called an election to be held on February 1, 1949, for the purpose of determining whether an additional five-mill tax should be levied for school purposes within the corporate limits of the city.

Amendment LVI, supra, contains the following provision:

"Each election held under the provisions hereof shall be ordered, held, canvassed and may be contested in the same manner as is or may be provided by the law applicable to municipal corporations for elections to authorize the issuance of municipal bonds."

The provisions applicable to elections to authorize the issuance of municipal bonds are incorporated in Art. 2 of Chapter 6, Title 37, Code 1940, as amended. § 277, Title 37, which is a part of Art. 2, supra, provides as follows:

180

"Notice of any election held under the provisions of this article shall be given by publication in a newspaper published in the municipality in which such election is to be held, *once a week for three successive weeks,* the first publication to be made at least thirty days before the election, which notices shall state the purpose for which the election is to be held, and the time and place of holding the same, and amount of the proposed bond issue, the maximum rate of interest the bonds are to bear, the time or times when the bonds are to mature and the amount that is to mature at each such time, and the purpose for which the bonds are to be issued, and such notice shall be signed by the mayor, or other chief executive of such municipality in which such election is to be held, and if no newspaper is published therein, such notice must be posted in five public places in said municipality at least thirty days before the time of holding said election." (Emphasis supplied)

The resolution calling the election directed the Mayor "to give notice of said election in the manner provided by law by publication in the Cullman Tribune, a newspaper published and having general circulation in the city, once a week, for three consecutive weeks, the first publication to be made at least thirty days before the date of said election. * * *"

It appears that the Mayor did arrange for the publication of the notice of the holding of said election, in accordance with the above-quoted provisions of the resolution, by delivering the notice to the Cullman Tribune with instructions that it be inserted in the issues of said paper published on December 23, 1948, December 30, 1948, and January 6, 1949.

The said notice did appear in the Cullman *Tribune* published on December 23, 1948, but did not thereafter appear in that or any other paper published in the city of Cullman prior to the date of the election.

The question for decision is, whether or not the failure to publish the notice of said election for three successive weeks in a paper of general circulation within the city of Cullman renders the election invalid.

We are of the opinion that the election under review established no result, since there was lack of compliance with the mandatory provision of the statute as to notice. This being a special, and not a general election where the law fixes the time, the requirements as to notice were mandatory and not directory, and a failure to comply therewith was fatal to the validity of the election. Shanks v. Winkler, 210 Ala. 101, 97 So. 142; State ex rel. Jackson v. Town of Boyles, 214 Ala. 538, 108 So. 590.

The decree of the trial court is reversed and one is here rendered declaring the school tax election held in the City of Cullman on February 1, 1949, to be invalid.

Reversed and rendered.

FOSTER, SIMPSON, and STAKELY, JJ., concur.