131 So.2d 897

**ALABAMA LAW ENFORCEMENT OFFICERS, INC.**

v.

**CITY OF ANNISTON et al.**

7 Div. 497.

Supreme Court of Alabama.

June 22, 1961.

Thos. L. Smiley, Birmingham, for appellant.

Emerson & Watson, Anniston, for appellees.

STAKELY, Justice.

The Alabama Law Enforcement Officers, Inc., a corporation (appellant), filed a bill of complaint in the Circuit Court of Calhoun County, Alabama, in Equity, seeking a declaratory judgment whereby Ordinance No. 2457, adopted by the Board of Commissioners of the City of Anniston, Alabama, on the 11th day of August, 1959, be declared unconstitutional and void and seeking a temporary and permanent injunction restraining and enjoining the respondents, the City of Anniston, Alabama, and George T. Morris, as Chairman of the Board of Commissioners of the City of Anniston, Claude Dear, Jr. and William Weatherly, as Associate Members of the Board of Commissioners (appellees), from interfering with the complainant in the solicitation of advertising in the City of Anniston, Alabama, under the authority of Ordinance No. 2457.

For the purposes of this decision the material part of Ordinance No. 2457 is set out as follows:

"Section 1. The use of any telephone in the City of Anniston, Alabama, or in the police jurisdiction thereof by any solicitor, peddler, hawker, itinerant merchant, or transient vendor, not having been requested or invited so to do by the person called over the telephone, for the purpose of soliciting such person called to make a donation, or to subscribe to or for advertising, or to give or to pay money or other thing of value for any ticket, flag, tag, badge, flower, token, or symbol, or the use of any telephone in the City of Anniston, Alabama, or in the police jurisdiction thereof by any such person as a means of arranging an engagement for such solicitation for any such purpose, is hereby declared to be a nuisance and unlawful."

It is provided in the ordinance that violation of its terms shall be a misdemeanor and punishable as provided in the ordinance.

Judge DeBardelaben set the application for a temporary writ of injunction for hearing within ten days from the filing of the bill upon notice to the respondents pursuant to § 1054, Title 7, Code of 1940. The application for a temporary writ of injunction was heard on August 20, 1959. On January 18, 1960, Judge DeBardelaben entered an order denying the application for a temporary writ of injunction. This appeal is from the order of January 18, 1960.

The appellant in general complains that the ordinance of the City of Anniston which seeks to prohibit the solicitation of advertising by telephone, is unconstitutional and void, in that it violates the 14th Amendment to the Constitution of the United States and the first amendment which by the 14th amendment was made applicable to state statutes.

The appellant also contends that the ordinance violates §§ 4 and 6 of Article 1, Constitution of Alabama of 1901.

On the other hand the appellees contend that under statutes to which we shall later refer, the City of Anniston through its Board of Commissioners has the power and authority to declare the use of telephones in the City of Anniston, as described in the ordinance, a nuisance and to prohibit such use.

The appellees further contend that while they insist that the ordinance is valid, the lower court was correct in denying the appellant's application for a temporary injunction since there is great doubt as to appellant's right to have the ordinance declared unconstitutional and void.

Only the ex parte affidavit of Thomas L. Smiley, the Secretary of the Alabama Law Enforcement Officers, Inc., was filed in the case in support of the bill. He was also their attorney of record in this case. The affidavit showed in substance the following. For many years appellant has been engaged in the solicitation of advertising in its mag-

azine in the State of Alabama and in the City of Anniston. During the year 1959 and for many years prior thereto the appellant had a license from the City of Anniston which entitled it to sell advertising in its magazine. On August 11, 1959, the City of Anniston adopted Ordinance No. 2457 to which we have heretofore referred. Appellant obtained its license with respect to soliciting advertising in the City of Anniston for 1959 and was informed at that time by the Chief of Police that an ordinance was being considered by the City of Anniston to prohibit the soliciting of advertising by telephone. The appellant through its secretary attended the meeting of the commissioners of the City of Anniston and protested the passage of the ordinance. The license paid by the appellant to the City of Anniston each year in order to solicit advertising was the sum of $25.50.

This is the way in which appellant practiced the soliciting of advertising. (1) It sends a letter to each prospect, setting out the function of the organization and telling him that one of its solicitors will contact him. (2) The organization contacts the prospect by telephone and tells him of its mission and offers to make space available to his company for his advertising in the organization's official journal. (3) If the prospect says he is interested in taking an advertisement, then the organization has a canvasser to take one of its previously published journals by the prospect's office for him to see a previous advertisement, if he so desires, and to pick up the prospect's copy and check for the next publication. (4) The organization then publishes his advertisement in a forthcoming issue of the organization's magazine and sends the prospect the copy of the magazine with his advertisement therein. By this method the organization is able to complete its work in the City of Anniston in one week. If the organization is not allowed to use the telephone, as is set out in the ordinance under attack, then it will take the organization about one month to cover the City of Anniston and the organization would be precluded from covering the State of Alabama in one year and the organization's income would be diminished to where it could not operate. The affidavit further showed that after affiant (the said Thomas L. Smiley) had been notified that the ordinance had been passed, he asked Commissioner William S. Weatherly whether the ordinance prevented the appellant from soliciting advertising contrary to the ordinance and was advised that such was his opinion, but that he could appear before the Commission.

William S. Weatherly testified in substance that he was one of the members of the Board of Commissioners of the City of Anniston, that he was in his third term as member of the board, that he was the Police Commissioner of the City of Anniston and had served as police commissioner for approximately nine years, that it was his intention to enforce Ordinance No. 2457 without discrimination as to all persons to whom it applies.

I. Ordinance No. 2457 of the City of Anniston declares to be a nuisance and makes unlawful: (A) The use of any telephone in the City of Anniston, Alabama, or in the police jurisdiction thereof by any solicitor, peddler, hawker, itinerant merchant, or transient vendor, not having been requested or invited so to do by the person called over the telephone, for the purpose of soliciting such person called to: (1) make a donation or (2) to subscribe to or for advertising, or (3) to give or to pay money or other thing of value for any ticket, flag, tag, badge, flower, token, or symbol; or (B) The use of any telephone in the City of Anniston, Alabama, or the police jurisdiction thereof by any such person as a means of arranging an engagement for such solicitation for any such purpose.

After diligent search we have been unable to find any decision passing on the validity of an ordinance such as Ordinance No. 2457 nor has any decision been cited to us by counsel which passes on the validity of such an ordinance.

We think, however, that in the case of Breard v. Alexandria, 341 U.S. 622, 71 S.Ct. 920, 923, 95 L.Ed. 1233, 35 A.L.R.2d 335, there was an ordinance involved rather similar to the one in the case at bar which presents a question analogous to the question here presented and which should be considered in reaching a conclusion in this case. In the case here referred to the Supreme Court of the United States upheld the constitutionality of an ordinance adopted by the City of Alexandria, Louisiana. In substance that ordinance provides that the practice of going in and upon private residences in the City of Alexandria by solicitors, peddlers, hawkers, itinerant merchants or transient vendors of merchandise not having been requested or invited so to do by the owner or occupant thereof for the purpose of soliciting orders for the sale of goods or merchandise, is declared to be a nuisance and punishable as such as a misdemeanor.

Mr. Justice Reed, speaking for the majority of the court, said:

"All declare for liberty and proceed to disagree among themselves as to its true meaning. There is equal unanimity that opportunities, for private gain, cannot be permitted to arm themselves with an acceptable principle, such as that of a right to work, a privilege to engage in interstate commerce, or a free press, and proceed to use it as an iron standard to smooth their path by crushing the living rights of others to privacy and repose. This case calls for an adjustment of constitutional rights in the light of the particular living conditions of the time and place. Everyone cannot have his own way and each must yield something to the reasonable satisfaction of the needs of all."

Further on in the opinion in the case here referred to Mr. Justice Reed said:
"Unwanted knocks on the door by day or night are a nuisance, or worse, to peace and quiet."

Further on in the opinion Mr. Justice Reed further said:

"To the city council falls the duty of protecting its citizens against the practices deemed subversive of privacy and of quiet. * * * 'The police power of a state extends beyond health, morals and safety, and comprehends the duty, within constitutional limitations, to protect the well-being and tranquility of a community.'"

It seems to us reasonable to conclude that if municipal corporations in the State of Alabama are charged with the duty and have the power to adopt ordinances, not inconsistent with the law of the State of Alabama, to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort and convenience of the inhabitants of said municipalities, then unwanted knocks on the door by day or night can be declared to be a nuisance to peace and quiet by the municipal authorities. Accordingly, unwanted telephone calls by day or night can be declared to be a nuisance to peace and quiet. When the telephone rings the person called answers the telephone because there is no way for him or her to determine in advance whether it is an unwanted or a wanted telephone call. There certainly are times when even a person of temperate disposition, when he finds out that the one calling is seeking to get him to purchase an advertisement or to make a donation or pay money for some ticket, flag, tag, badge, flower, token, or symbol, is outraged or upset by such call.

But while what has been said might apply to a person calling over the telephone at a home or residence, does it apply to a call over the telephone at a place of business? Telephones are installed in places of business for telephone service in connection with the business and certainly with a service more or less relating to the business. We can well understand that a call for the purposes prohibited by the ordinance can ordinarily have no reasonable relationship

to the business being conducted in a place of business.

As stated in the Breard case, supra, "To the city council falls the duty of protecting its citizens against the practices deemed subversive of privacy and of quiet."

Section 505, Title 37, Code of 1940, provides that all cities and towns of this state shall have the power to prevent injury or annoyance from anything dangerous or offensive, or unwholesome, and to cause all nuisances to be abated and assess the cost of abating the same against the person creating or maintaining the same.

Section 506, Title 37, Code of 1940, provides that municipalities may maintain a bill in equity to enjoin and abate any public nuisance, injurious to the health, morals, comfort or welfare of the community or any portion thereof.

Section 1081, Title 7, Code of 1940, provides that a nuisance is anything that worketh hurt, inconvenience, or damage to another, and the fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful or such as would affect only one of a fastidious taste but it should be such as would affect an ordinary reasonable man.

Section 455, Title 37, Code of 1940, provides, among other things, that a municipal corporation in the State of Alabama may adopt ordinances to provide for the safety and improve the order, comfort and convenience of the inhabitants of such municipality.

From what we have said it appears that we have grave doubt that the City of Anniston does not have the power to enact Ordinance No. 2457. There is nothing before us to support the claim of the complainant except an ex parte affidavit. We do not feel that the validity of the ordinance in question should be determined merely on the application for a temporary injunction. There has been no declaration by the court as to the validity vel non of the ordinance in question and we do not feel that we are prepared at this time to say that the complainant will finally prevail. We, therefore, affirm the action of the lower court in denying the temporary injunction. Alabama Power Co. v. Guntersville, 236 Ala. 503, 183 So. 396, 119 A.L.R. 429; Walker v. Cox, 209 Ala. 627, 96 So. 707; Hancock v. Watt, 233 Ala. 29, 169 So. 704; Williams v. Prather, 239 Ala. 524, 196 So. 118. The mere right of the appellant to a declaratory judgment is not sufficient within itself to justify the issuance of the temporary injunction. Pruett v. Las Vegas, Inc., 261 Ala. 557, 74 So.2d 807.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur in the result.