288 So.2d 773

The CITY OF MILLBROOK, etc., et al.

v.

The STATE of Alabama, etc.

SC 391.

Supreme Court of Alabama.

Jan. 24, 1974.

———◆———

John E. Enslen (on appeal only), Thomas P. Stowe, Jr., Wetumpka, for appellants.

Capell, Howard, Knabe & Cobbs, P. A., Montgomery (on appeal only), for appellees.

MERRILL, Justice.

This appeal is from a judgment in a quo warranto action in which it was held that the City of Millbrook was not a municipal corporation and the elected mayor and five aldermen were removed from office.

The petition for writ of quo warranto, filed by B. J. Sanford, a voter and a property owner in Millbrook, charged that requests for an election to vote on the question of incorporation pursuant to Tit. 37, §§ 10–11, Code 1940, were filed in the Probate Office of Elmore County on October 9, 1972, and that the judge of probate ordered an election to be held on October 24, 1972; that notice of the election was given in a county newspaper on October 12, 1972; that in January, 1973, an election and a runoff election were held and the defendant mayor and aldermen were elected; that the notice of the election to vote on the question of incorporation was not properly given for three weeks (citing Jackson v. Town of Boyles, 214 Ala. 538, 108 So. 590), and also charging other alleged jurisdictional deficiencies in the petition.

Both sides presented evidence, most of which was documentary, and rested.

The trial court gave the affirmative charge for the relator Sanford on the single ground that the notice of election on the question of incorporation was not given for three successive weeks and such failure was fatal to the validity of the election.

This court said in Jackson v. Boyles, 214 Ala. 538, 108 So. 590, where the same charge was made as here, and the same result prevailed:

"This being a special and not a general election where the law fixes the time, the requirements as to notice were mandatory and not directory, and a failure to comply therewith was fatal to the validity of the attempted incorporation. Shanks v. Winkler, 210 Ala. 101, 97 So. 142. The trial court erred in giving the general charge for the respondents and in refusing the general charge requested by the relator."

This rule was followed and applied to local elections in Bouldin v. City of Homewood, 277 Ala. 665, 174 So.2d 306 and City of Birmingham v. Bouldin, 280 Ala. 76, 190 So.2d 271.

It is true that Tit. 37, §§ 10–11, do not state the number of times that the notice of election shall be published, but this court has repeatedly held, in the cited cases as well as others, that the time is set by Tit. 7, § 714, as amended, which provides:

"If the length of the publication be not otherwise prescribed it must be for three successive weeks; provided, however, the provisions of this section shall not apply to any sale held under the provisions of section 9—504 of Title 7A."

Appellants do not contest the rule of law requiring three publications or that it is mandatory. Their brief states that "no evidence whatsoever, either oral or documentary, had been introduced by either party which would even remotely infer that the notice [of the proposed election] had been published for less than three successive weeks required by law."

We agree that there is no oral evidence in the record, but there is documentary evidence which was before the court. The petition for writ of quo warranto stated that the petition for incorporation was filed in the probate office on October 9, 1972 and an attached exhibit shows this to be the filing date. The petition also stated that the election was held on October 24, 1972. These dates are only 15 days apart and it is a mathematical impossibility for a

notice to be published for "three successive weeks" in that short number of days. The minimum period of time for three weeks notice is eighteen days, Tit. 7, § 716.

We are not to be understood as holding that the averments in the sworn petition for quo warranto are evidence in this case, but merely to show that the petition shows on its face that if the petition to incorporate was filed on October 9 and the election was held on October 24, the failure to comply with the statute "was fatal to the validity of the attempted incorporation."

The documentary evidence in the record consists of the following: (1) Two grounds of appellants' demurrer (6 and 7) assert that "the validity of the elections held on October 24, 1972 and January 3, 1973" should or could have been contested on grounds other than quo warranto; (2) the appellee introduced, without objection, an "original" resolution dated March 17, 1973, signed by the appellants (the mayor and five councilmen) and attested by the clerk, the opening sentence of which read:

"WHEREAS, on October 24, 1972 an election was held to determine if the citizenry of Millbrook desired to incorporate or not—and,"

(3) both appellee and appellants introduced documents showing that the petition for incorporation was filed in the probate office of Elmore County on October 9, 1972.

There is no evidence in the record to refute this evidence that the petition was filed on October 9 and the election was held October 24, 1972.

The trial judge explained to the jury why he was giving the affirmative charge in favor of the petitioner. He read from *Boyles*, 214 Ala. 538, 108 So. 590, where this court held that § 5182, Code 1907 (Tit. 7, § 714), required notice of an election to incorporate to be published three successive weeks. He then explained that he took "judicial knowledge or notice" of the incorporation file in the probate court, and concluded with the following statement:

" * * * But, at any rate, the facts in the case are that it was advertised once,

and therefore, and because of that, I must grant a directed verdict in the case for the Plaintiff, and require you Ladies and Gentlemen of the Jury to return a verdict in this case which will read, 'We the jury find for the petitioner, B. J. Sanford.' "

Appellants argue that there is no evidence in the record that the notice of election was advertised only once and that the trial judge could not take judicial notice of the record in another case which was "an entirely separate and distinct proceeding, which was conducted in an entirely separate and distinct court, and which was not a fact adjudicated by the adversary process in the prior proceeding."

It is true that Exhibit B to the petition in this case was an affidavit by the publisher of The Wetumpka Herald that ·the notice of the election to be held on October 24, 1972 given by the probate judge was published on October 12, 1972, but there was no evidence of this fact before the circuit court.

█ With some exceptions not here relevant, a trial court cannot properly take judicial knowledge of another suit in his court, or in another court, for the purpose of supplying any evidence pertinent to the suit then being heard or submitted. Ingalls v. Hare, 266 Ala. 221, 96 So.2d 266; Preston v. Preston, 253 Ala. 186, 43 So.2d 398; Crossland v. First National Bank of Montgomery, 233 Ala. 432, 172 So. 255. In the last cited case, this court said: "The record of the administration in the probate court was never in the circuit court, so far as anything here appears. The circuit court could not take notice of what exists in another court." Here, only certain parts of the probate proceedings were introduced in evidence and the circuit court was limited to that evidence offered by the parties.

█ We agree with appellants that the trial court could not take judicial notice or knowledge of that part of the incorporation file in the probate office that was

not introduced. But laying that reason aside, the uncontroverted evidence was that the petition to incorporate was filed on October 9, 1972, that the election was held on October 24, 1972, and that a minimum of eighteen days could not have elapsed between those two dates. Under *Boyles,* as pointed out by the trial court, the failure to publish the notice three successive weeks "was fatal to the validity of the attempted incorporation."

We have often held that a correct decision will not be disturbed because the trial court gave a wrong or insufficient reason therefor. Cherokee County v. Cunningham, 260 Ala. 1, 68 So.2d 507; Robinson v. Robinson, 273 Ala. 192, 136 So.2d 889.

Appellee cited other alleged jurisdictional omissions in the petition to incorporate, but they need not be discussed in this opinion.

The trial court correctly gave the requested affirmative charge for the petitioner.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.