KARL W. MARQUARDT, Executive Secretary Pharmacy Examining Board
You indicate that the Pharmacy Examining Board has issued "reprimand letters to licensees for minor infractions." You further indicate that such action is taken only after an "informal appearance" of the licensee before the Board at which time the licensee has admitted the facts alleged in the complaint.
In light of the enactment of ch. 414, Laws of 1975, amending ch. 227, establishing classes of contested cases, you have asked the following questions:
 (1) "Does a reprimand letter constitute a sanction or penalty within the definition of a `class 2 proceeding' so that a contested case hearing as provided in Sec. 227.07, Stats. is required?
 (2) "If the answer to question (1) is affirmative, must the Board rescind any letters of reprimand issued since the effective date of Chap. 414, Laws of 1975, i.e. September 22, 1976, by expunging them from the record and notifying the licensee by letter of this action?" *Page 189 
A threshold question is whether sec. 450.02 (7)(a), Stats., which gives the Pharmacy Examining Board authority to suspend or revoke a pharmacist's license upon notice and hearing also gives the Board the power to reprimand. It is my opinion that this power to suspend or revoke includes the power to reprimand. Klattv. Columbia Casualty Co., 213 Wis. 12, 24, 250 N.W. 825 (1933). Since the greater includes the lesser, the power to revoke and suspend also includes the imposition of discipline by means of reprimand. State Board of Dental Examiners v. Savelle, 90 Colo. 177,8 P.2d 693, 698 (1932). But, the procedures included in the answers to your questions must be followed when imposing a reprimand as well as when imposing more stern disciplinary measures.
The answer to your first question is yes.
Section 227.01 (2), Stats., defines a contested case in the following terms:
 "`Contested case' means a proceeding before an agency in which, after hearing required by law, substantial interests of any party to such proceeding are determined or adversely affected by a decision or order in such proceeding and in which the assertion by one party of any such substantial interest is denied or controverted by another party to such proceeding. . . ."
It is my opinion that before reprimanding a licensee, an opportunity must be given for a hearing because substantial interests of the licensee are affected. "`Reprimand' . . . means `to reprove severely; . . . to censure formally, especially with authority."' Federal Labor Union 23393 v. American Can Co.,28 N.J. Super. 306, 100 A.2d 693, 695 (1953). The formal censure of a licensee by the licensing authority affects liberty and property interests of the licensee which are protected by the due process clause of the fourteenth amendment. See Board of Regentsv. Roth, 408 U.S. 564 (1972).
A disciplinary proceeding is a class 2 proceeding. Class 2 proceedings include those resulting in imposition of a reprimand because the section provides that "Class 2 proceedings include,but are not restricted to, suspensions of, revocations of, and refusals to renew licenses because of an alleged violation of law." Sec. 227.01 (2)(b), Stats. This conclusion is reached by application of the rule of ejusdem generis. This rule "`". . . accomplishes the *Page 190 
purpose of giving effect to both the particular and the general words, by treating the particular words as indicating the class, and the general words as extending the provisions of the statute to everything embraced in that class, though not specifically named by the particular words."'" National Amusement Co. v. Dept.of Revenue, 41 Wis.2d 261, 272, 163 N.W.2d 625 (1969). See also 2A Sutherland, Statutory Construction (4th ed.), p. 104, sec. 47.17. In this particular case the class consists of the various kinds of discipline imposed in a class 2 proceeding and includes reprimand.
This view is reinforced by consideration of the scope of the terms "penalty" and "sanction." In my opinion a reprimand is a penalty or a sanction as that term is used in sec. 227.01 (2)(b), Stats. This section provides in part:
 "A `class 2 proceeding' is a proceeding in which an agency determines whether to impose a sanction or penalty against one or more parties. . . ."
 In Re Levy Motor Vehicle Operator's license Case,194 Pa. Super. Ct. 390, 169 A.2d 596, 597 (1961), the court wrote:
 ". . . `Penalty' has many different shades of meaning; it is among the most elastic terms known to the law. It is sometimes loosely used to include all actions involving hurtful or disadvantageous consequences, but in its more restricted use it refers only to a deprivation of property or some right. . . ."
A reprimand as used in connection with sec. 227.01 (2)(b), falls within the ambit of these definitions.
Furthermore, the term "sanction" has been construed as having the same meaning as penalty. Bouldin v. City of Homewood,277 Ala. 665, 174 So.2d 306, 312 (1965).
In summary, the licensee is entitled to notice and opportunity for hearing on a proposal to reprimand him, and the proceeding is a class 2 proceeding because it involves a penalty or sanction.
In response to your second question it appears that the rudiments of due process were present despite the failure of the Board to comply strictly with the provisions of sec. 227.07, Stats. In any event, if I assume correctly that no objection was raised by the licensees based on the failure to comply with the provisions of sec. 227.07, Stats., I *Page 191 
am of the opinion that under the circumstances related by you their appearance constituted a waiver of the notice and other procedural requirements of sec. 227.07, Stats., or was a disposition by consent under sec. 227.07 (5), Stats. See 2 Am.Jur. 2d, Administrative Law, sec. 404. Therefore, the answer to your second question is no.
BCL:JWC